### 10842

#### PINCKNEY *ET AL* v. KNOWLES *ET AL*

#### (111 S. E. 370)

BOUNDARIES—EVIDENCE HELD TO TAKE TO THE JURY THE QUESTION WHETHER THE LAND IN CONTROVERSY WAS PART OF AN ISLAND CONVEYED TO DEFENDANTS.—In an action to recover possession of a tract of land, evidence *held* sufficient, though conflicting, to take to the jury the question whether the land in controversy was part of an island conveyed by plaintiffs' predecessors in title to defendants, and not another island which was part of a plantation leased to defendants, so that it was not error to refuse to direct a verdict for plaintiffs.

Before SHIPP, J., Jasper, November, 1920. Affirmed.

Action by Leonora C. Pinckney and Edward P. Huguenin against Elizabeth Knowles and Elliot L. Cope for the recovery of real estate. Verdict for defendants and plaintiffs appeal.

The plat directed to be reported, reduced in size, is as shown:

*Messrs. W. N. Heyward* and *Rutledge, Hyde & Mann,* for appellants, cite: *Plain, unambiguous descriptions in deeds must govern:* 81 S. C., 307. *Lease corroborates construction of deed:* 93 S. C., 385. *Force and effect of quantity in description in deed:* 100 S. C., 265. *Tenant cannot set up adverse possession against landlord until ouster:* 77 S. C., 138.

*Messrs. George Warren, John P. Wise* and *Octavus Cohen* for respondents, cite: *Where descriptions in two deeds both might be applicable to land in controversy, question is*

*for the·jury*: 44 S. C., 548. *Actions for the recovery of real property regulated*: Code Proc. 1912, Secs. 118, 119, 123, 131. *Statute of Limitations begins to run from time right of action accrues and once it starts will not be interrupted by disability arising subsequently*: Code Proc., Sec. 133; 53 S. C., 126; 59 S. C., 342; 20 S. C., 52; 26 S. E., 951. *When tenant may claim adversely to landlord*: 6 Rich., 350; 77 S. C., 129; 81 S. C., 340; 26 S. E., 33.

February 27, 1922.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action to recover possession of a tract of land. The plaintiffs·call the land in dispute ".Laurel Island." The defendants claim that there is no such island. The plaintiffs claim as heirs at law and grantees of the other heirs at law of Abram Huguenin. The defendants claim under deeds from Abram Huguenin to an island called Seabrook island. The defendants claim that the so-called Laurel island" is a part of Seabrook Island.

At the close of the testimony the plaintiff moved for a ·direction of verdict in their favor. The motion was refused. The jury found for the defendants, and plaintiffs appealed.

The description of the land under the deed under which the defendants claim is as follows:

"Also one tract called Seabrook island containing three hundred and fifty acres of highland and forty acres marsh land, more or less, bounded north by Coosawhatchie and Broad rivers; east by Pelot island; south by Euhaw creek and west by "Roseland."

Under an order of the Court a survey was made. The plat is entirely too large. ·The scale should be reduced to the size of the brief. Let a plat of reduced size be reported. It is very manifest the question is one of location.

Taking the description in the deed and the plat, it is evident that the description is indefinite. Coosawhatchie and Broad Rivers are not north, but northeast; Pelot island is not east, but southeast. The plat shows Euhaw creek on the west, rather than the south. If, as plaintiff contends, only the lower portion is Seabrook island, then the northern boundary is not the rivers, but one arm of Euhaw creek. Further, there was testimony that there were, and still are, remains of two dams (as lettered by this Court) extending from A to D on the west, and B to C on the east; that the land inclosed in A B C D was formerly planted; that in time of very low water no water covers this space, and the old rows of former cultivation can still be seen. There is also evidence that soon after Mr. Knowles bought Seabrook island he put valuable improvements on that portion now called "Laurel island." The plaintiff claims that Knowles leased Roseland plantation from Huguenin, and that same island is a part of Roseland plantation, and that neither he nor the defendants who claim under him can dispute the claim of the Huguenin title to any part of Roseland plantation. That does not help the plaintiffs at all, because the question still is, Was Laurel island a part of Roseland plantation or Seabrook island?

There are five reasons given for claiming that Laurel island was a part of Roseland plantation, but they all assume that Laurel island, so called, was a part of Roseland plantation, and, as we have seen, that was the point at issue. That was a matter of fact to be determined by the jury, and there was no error in submitting the case to the jury. There was much conflict of testimony, but that made it a case for the jury.

The judgment is affirmed.